UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEVEN JAMES,

                Petitioner,

   v.

                                                  9:18-CV-0864
                                                  (BKS/CFH)
SUPERINTENDENT,

                Respondent.

---

**APPEARANCES:**                                         **OF COUNSEL:**

STEVEN JAMES
13 N. Mohawk Street
Cohoes, New York 12047
Petitioner pro se

HON. LETITIA JAMES                          PRISCILLA I. STEWARD, ESQ.
Attorney for Respondent                        Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION & ORDER

### I.    INTRODUCTION

    Petitioner Steven James seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). The respondent opposes the petition. Dkt. No. 7-1, Memorandum of Law in Opposition; Dkt. No. 8, State Court Records ("SCR"). The petitioner filed a reply and supplemental submission. Dkt. No. 10, Traverse; Dkt. No. 13, Supplemental Traverse ("Supp. Traverse").

### II.    RELEVANT BACKGROUND

The underlying facts of the criminal conviction are not presently in dispute. As summarized by the New York State Appellate Division,

> [Petitioner] was charged in two separate single-count indictments with assault in the first degree and criminal possession of a weapon in the second degree. With respect to the assault charge, County Court, after a suppression hearing, denied [petitioner]'s motion to suppress certain identification evidence and statements made by him to law enforcement officials. With respect to the criminal possession charge, County Court, after a separate suppression hearing, denied [petitioner]'s motion to suppress the firearm and ammunition recovered by police officers. In satisfaction of both indictments, [petitioner] pleaded guilty to assault in the second degree and attempted criminal possession of a weapon in the second degree. County Court thereafter sentenced [petitioner] on each conviction to a prison term of five years, to be followed by five years of postrelease supervision. The prison terms were ordered to run consecutively.

*People v. James*, 155 A.D.3d 1094, 1095 (3rd Dep't 2017)[1]; *see also* Dkt. No. 1-1 at 3-60 (transcript from the suppression hearing); Dkt. No. 1-1 at 71-75 (County Court decision denying petitioner's motion to suppress).

Petitioner appealed his conviction, claiming that (1) the County Court erred in denying petitioner's motion to suppress certain statements and identification evidence in connection with the assault conviction; (2) the County Court erred in determining that the police officer had a reasonable basis and probable cause to stop petitioner's vehicle; and (3) petitioner was unreasonably detained following the initial traffic stop. *James*, 155 A.D.3d at 1095-97. The Third Department affirmed petitioner's conviction. *Id.* at 1095. Specifically, the Third Department found that (1) petitioner's valid waiver of his appeal foreclosed any challenge to the County Court's adverse ruling suppressing statements and identification evidence;

---

[1] The parties included a copy of the Third Department's decision with their submissions. Dkt. No. 1-1 at 86-89; SCR at 239-242.

(2) petitioner's waiver did not preclude his challenge to his criminal possession of a weapon conviction, however, the officer's observations, to which he testified, constituted a reasonable basis to stop petitioner's vehicle amounting to probable cause; and (3) the officer's detection of the odor of marijuana after stopping petitioner constituted probable cause to continue petitioner's seizure for further investigation.  *Id.* at 1095-97.  Petitioner applied for leave to appeal.  Dkt. No. 1-1 at 91-93; SCR at 243-45.  On February 1, 2018, the Court of Appeals, State of New York, denied petitioner's application.  *People v. James*, 30 N.Y.3d 1116 (2018).[2]

### III. THE PETITION

Petitioner challenges a 2014 judgment of conviction rendered in Albany County upon a guilty plea of second degree attempted criminal possession of a weapon and second degree assault.  Pet. at 1.[3]  Petitioner argues that he is entitled to federal habeas relief because (1) there was no probable cause to support law enforcement's stopping his car for an alleged traffic infraction, *id.* at 6, 13-15; and (2) petitioner was detained for an unreasonably long duration of time given the alleged rationale for the traffic stop, *id.* at 6, 16-18.

### IV. DISCUSSION

Respondent argues that the petition should be denied and dismissed because petitioner's Fourth Amendment claims are partially unexhausted and noncognizable.  Dkt. No. 7-1 at 10-15.  More specifically, respondent contends that petitioner's argument is barred

---

[2] The parties included a copy of the Court of Appeal's decision with their submissions.  Dkt. No. 1-1 at 96; SCR at 246.

[3] Page citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system, located at the header of each page.

3

from habeas review pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). *Id.* at 13-15.

Petitioner argues that his claims were properly exhausted as they were presented to the state courts on appeal. Traverse at 2-4. Specifically, petitioner contends that he did not have to outline every argument in detail in order for it to be deemed exhausted by Second Circuit precedent. Supp. Traverse at 1-3. Further, petitioner contends that *Stone* does not preclude review because his allegations that (1) "The police lacked probable cause for the initial traffic stop"; and (2) "The seizure of Petitioner was not reasonably related in scope to the rationale for the initial traffic stop," were "totally distinct" from the petitioner in *Stone*. Traverse at 4. Petitioner clarifies that he is "in disagreement with . . . the Appellate Court making an objectively unreasonable determination of the facts, in light of the evidence presented at the Suppression Court proceeding, when it interpreted evidence incorrectly and based a ruling to affirm Petitioner's appeal on this misinterpreted evidence." Supp. Traverse at 3-4.

Petitioner initially argues that the rulings from his suppression hearing, namely that the police officer lacked probable cause to stop petitioner's vehicle and then detained petitioner too long in conjunction with said stop, fall outside of *Stone's* prohibitions on Fourth Amendment claims. However, "[t]he *Stone v. Powell* doctrine applies to all Fourth Amendment claims, including claims of illegal stops, arrests, searches or seizures based on less than probable cause, and it applies regardless of the nature of the evidence sought to be suppressed." *Collier v. Superintendent, Coxsackie Corr. Facility*, No. 9:18-CV-1104 (JKS), 2020 WL 2341062, at *11 (N.D.N.Y. May 11, 2020) (citing *Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983)). Therefore, despite petitioner's attempts to classify his claims as something other than those pursuant to the Fourth Amendment, his arguments center around

4

decisions concerning searches and seizures which were not supported by probable cause and the evidence resulting therefrom which he sought to be suppressed. Accordingly, petitioner's claims are that his Fourth Amendment rights were violated by the police and then again violated when both the county court and Third Department denied his requests for suppression.

Petitioner's Fourth Amendment claims are foreclosed by *Stone v. Powell*, 428 U.S. 465 (1976).[4] Pursuant to *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief[.]" 428 U.S. at 482; *accord Graham v. Costello*, 299 F.3d 129, 133-134 (2d Cir. 2002). The only requirement under *Stone* is that the state provide a petitioner the "opportunity" to litigate a Fourth Amendment claim. *McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 69-70 (2d Cir. 1983). Therefore, habeas review is only available: "(a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977)); *accord Hirsh v. McArdle*, 74 F. Supp. 3d 525, 532-533 (N.D.N.Y. 2015).

The Second Circuit has recognized that New York provides adequate procedures to redress Fourth Amendment violations. *Capellan*, 975 F.2d at 70 & n.1 (citing a motion to suppress evidence, pursuant to CPL § 710.10 *et seq*., as a "facially adequate" and

---

[4] Because petitioner has failed to allege a cognizable claim for federal habeas review, the Court will not further examine the parties' arguments about exhaustion.

5

"approved" procedure for adjudicating alleged Fourth Amendment violations); *see also, e.g, Blake v. Martuscello*, No. 10-CV-2570, 2013 WL 3456958, at *5 (E.D.N.Y. July 8, 2013) (citing CPL § 710.10 and finding that the Second Circuit has explicitly approved New York's procedure for litigating Fourth Amendment claims).

> [O]nce it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief.

*Graham*, 299 F.3d at 134.

Here, petitioner availed himself of a suppression hearing and was upset with its result, as well as the outcome of his subsequent appeal. *See* Dkt. No. 1-1 at 3-60, 71-75; *James*, 155 A.D.3d at 1095-97. However, disagreement with the state court outcome is insufficient to warrant habeas review. *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977). Instead, what is relevant is access to the opportunity to litigate the Fourth Amendment claims: an opportunity which petitioner both had available to him and pursued. Petitioner cannot now argue that he was precluded from pursuing a suppression hearing due to an "unconscionable breakdown in the underlying process." *Capellan*, 975 F.2d at 70. Any such contentions would be disingenuous given petitioner's history in the state courts.

Accordingly, the undersigned concludes that petitioner has failed to state a cognizable claim.[5]

---

[5] Moreover, it is important to note that petitioner's conviction was rendered pursuant to a guilty plea.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and

## V. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the petition, Dkt. No. 1, be **DENIED AND DISMISSED IN ITS ENTIRETY**; and it is further

**RECOMMENDED**, that the Court conclude that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[6] and it is further

**RECOMMENDED**, that the Court conclude that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (FED. R. APP. P. 22(b)); and it is

**ORDERED,** that the Clerk serve a copy of this Report-Recommendation & Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL**

---

>  intelligent character of the guilty plea by showing that the advice he received from
>  counsel was not within the [constitutionally required] standards[.]

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."); *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) (explaining that where a petitioner provides a counseled guilty plea, "the issue is not the merits of [petitioner's] independent claims . . . but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel.") (internal quotation marks and citations omitted).
     "Since Fourth Amendment rights are nonjurisdictional, a knowing and voluntary guilty plea waives claims stemming from an alleged Fourth Amendment violation." *Taylor v. Unger*, No. 1:11-CV-1078, 2012 WL 5288733, at *4 (W.D.N.Y. Oct. 23, 2012) (citing *inter alia United States v. Arango*, 966 F.2d 64, 66 (2d Cir. 1992)).  Petitioner has never argued that his guilty plea was invalid, and there is nothing in the record to support any such contentions.  Accordingly, even if petitioner had proffered a cognizable claim, his plea served to waive it.

     [6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

**PRECLUDE APPELLATE REVIEW.** *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[7]

   Dated: September 13, 2021
   Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding *pro se* and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id*. § 6(a)(1)(c).